PHILLIP A. TALBERT
United States Attorney
GRANT B. RABENN
JEFFREY A. SPIVAKK
Assistant United States Attorneys
2500 Tulare St., Suite 4401
Fresno, CA  93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4575

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>             v.<br><br>HAITHAM EID HABASH,<br>  aka Eddie Habash,<br>RAMSEY JERIES FARRAJ, AND<br>MAJED BASHIR AKROUSH,<br>  aka Mike Akroush,<br><br>                            Defendants. | CASE NO.  1:15-CR-00286 DAD-BAM<br><br>NOTICE OF REQUEST TO SEAL DEFENDANT HABASH AND AKROUSH'S REPLIES; DECLARATION OF AUSA ESCOBAR; [PROPOSED] ORDER |

Pursuant to Local Rule 141, the United States of America, by and through its counsel of record, hereby provides notice of its request to seal the replies of Defendants Habash and Akroush, which identify by name confidential sources and potential confidential sources in this matter and which also contain unsubstantiated allegations concerning a DEA agent, which are defamatory and harmful.  Docs. 168, 171.

DATED:       January 12, 2017.        Respectfully submitted,

                                PHILLIP A. TALBERT
                                United States Attorney
                                /s/ Karen A. Escobar_____
                                KAREN A. ESCOBAR
                                Assistant United States Attorney

1

## GOVERNMENT'S REQUEST TO SEAL REPLIES

The United States, by and through its undersigned counsel, hereby requests to seal Defendant Habash and Akroush's replies, as set forth below.

1. The government incorporates by reference the statements and law contained in its request to seal Habash and Akroush's discovery motions.  Doc. 161.

2. On November 10, 2016, Defendant Akroush filed a discovery motion seeking, *inter alia*, government policies concerning consideration provided to a "source of information"– who was identified by name in Akroush's motion and was described as having provided "information to the government for sentencing, as well as other, consideration."[1] Akroush Mtn., at 6:7-8, 11-12.

3. On December 21, 2016, Defendant Akroush filed a reply in connection with his discovery motion in which he identified a confidential source and falsely identified an individual as an informant in the investigation which gave rise to this case.  Doc. 168 at pages 7, 18.

4. Also on December 21, 2016, Defendant Habash filed a reply in connection with his discovery motion in which he identified an individual as a government agent and reiterated an unsubstantiated claim that the agent was on a co-conspirator's "payroll."

---

[1] In fact, this individual has not been given any consideration. The individual was not a part of the original DEA Bakersfield investigation that gave rise to this case.  The individual was encountered in June, 2013, by DEA Los Angeles agents in the Central District of California during the execution of a search warrant obtained in a separate investigation of a synthetic cannabinoid manufacturing operation in that district.  The DEA Los Angeles encounter occurred prior to any coordination of agents in Los Angeles with agents in this district.  At that time, the individual provided information incriminating himself and others following advice and waiver of his Miranda rights.  He was not arrested at that time and agreed to be interviewed again at a later date by law enforcement.  He was interviewed on several occasions later.  However, law enforcement soon lost contact with this individual.  One of his phone numbers was disconnected and another was set up to only receive voicemail.  The individual is currently incarcerated on separate state criminal charges.

Doc. 171 at p. 6:26.

5. The foregoing further heightens the probability that, absent sealing, the cooperators/possible cooperators/individuals misidentified as cooperators/defamed agent will be harmed.

6. In light of the foregoing, the United States respectfully requests that this Court seal Defendant Habash and Akroush's replies.

DATED: January 12, 2017.    Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

/s/ Karen A. Escobar_____
KAREN A. ESCOBAR
Assistant United States Attorney

### DECLARATION OF AUSA ESCOBAR

I, Karen A. Escobar, declare as follows:

1. I am an Assistant United States Attorney for the Eastern District of California and have been so employed for over twenty-six years and over twenty-nine years as a prosecutor. I am the Assistant U.S. Attorney assigned to this matter.

2. The statements contained in the government's request to seal Habash and Akroush's replies are true and correct to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 12th day of January, 2017.

   /s/ Karen A. Escobar
   KAREN A. ESCOBAR

# **ORDER**

Having considered the government's request to seal Defendant Habash and Akroush's replies (Docs. 168, 171), and having weighed the competing interests of the defendants, the public, and the confidential sources,

IT IS ORDERED that Defendant Akroush and Habash's replies found at docket entries 168 and 171, respectively, in this matter be SEALED.

IT IS SO ORDERED.

Dated: __**January 12, 2017**__     ____/s/ *Barbara A. McAuliffe*____
UNITED STATES MAGISTRATE JUDGE