# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:15-CR-00286 DAD-BAM |
| Plaintiffs, | **ORDER CLARIFYING INSPECTION OF DRUG EVIDENCE** |
| v. | (Doc. 203, 205) |
| HAITHAM EID HABASH, et al, | |
| Defendants. | |

    The United States of America requests the Court clarify its order issued on January 31, 2017. (Doc. 203.) The government requests clarification that inspection of any drug evidence shall not include the opening of sealed clear plastic evidence bags. (Doc. 205.) Defendant Akroush filed an opposition to the government's proposed clarification. (Doc. 207.) The Court understands from the opposition that different kinds of seized packaged products, in their original packaging, have been placed by the government in "clear plastic bags." The clear plastic bags may contain multiple and different kinds of packaged products. It is unclear whether the clear plastic bags contain drug evidence which is not in its original packaging.

    Based upon this understanding of the evidence contained in the clear plastic bags, the Court clarifies the inspection as follows. For originally packaged products that are themselves contained in the clear plastic bags, the defendants may inspect the packaged products outside of the government's clear plastic bags. However, evidence not be removed from its original packaging. An agent for the government may remove the originally packaged products from the

clear plastic bags and display them so that all packaged products may be viewed.  If there is any "loose" drug evidence, such as individual pills, this loose drug evidence may not be removed from the government's clear plastic bags.  Defendants may not physically touch the drug evidence, and may not, at this point, open originally packaged products for inspection.

IT IS SO ORDERED.

Dated:   **February 14, 2017**         /s/ *Barbara A. McAuliffe*    _
                                        UNITED STATES MAGISTRATE JUDGE

2