UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAITHAM EID HABASH,<br><br>Defendant. | No. 1:15-cr-00286-DAD-BAM<br><br>ORDER GRANTING REQUEST FOR RECONSIDERATION<br><br>(Doc. No. 181) |

On November 7, 2016 the government moved for an order requiring defendant Habash to provide handwriting exemplars in addition to those already provided by him in response to a prior government motion. (Doc. No. 152.) On January 9, 2017, U.S. Magistrate Judge Barbara A. McAuliffe denied the government's motion. (Doc. No. 175.) On January 13, 2017, the government requested reconsideration of that order by the undersigned. (Doc. Nos. 181, 201.) Defendant filed his opposition to the request for reconsideration on February 14, 2017. (Doc. No. 210.) On February 21, 2017, the government filed its reply. (Doc. No. 212.) The matter came on for hearing before the court on February 27, 2017 at which time Assistant U.S. Attorney Karen Escobar appeared on behalf of the government and attorney Shaun Khojayan appeared on behalf of defendant Haitham Habash. (Doc. No. 213.) For the reasons set forth below, the government's request for reconsideration will be granted.

/////

1

**Background**

On October 8, 2015, defendant Habash was charged by way of grand jury indictment with conspiracy to manufacture, distribute and possess with the intent to distribute synthetic cannabinoids in violation of 21 U.S.C. §§ 846 and 841 (Count One).[1]  There is also a criminal forfeiture allegation in the indictment brought pursuant to 21 U.S.C. § 853(p).  (*Id.*)  Since at least November of 2015, the government has been seeking handwriting exemplars from defendant Habash, apparently in order to compare his handwriting to that reflected on receipts and other documents seized during the government's investigation.  (Doc. No. 71.)  The government's request for handwriting exemplars came before the previously assigned district judge and, much more frequently, Magistrate Judge McAuliffe on a number of occasions and in various forms.  (*See* Doc. Nos. 86, 106, 111, 121, 134, 138 and 175.)   As a result of those proceedings, it appears that on May 9, 2016, the defendant did sit for purposes of providing a handwriting sample and did so by completing a twelve page IRS Form 6540 Handwriting/Hand printing Exemplar under the direction of government agents.  (Doc. No. 210 at 9–20.)  However, when that exemplar was submitted IRS Forensic Document Examiner Jason Lee Minor along with the questioned documents, the examiner reported on August 15, 2016, that he could not reach a conclusion as to whether the author of the exemplar and the author of the questioned writings were the same.  (Doc. Nos. 210 at 22-23; *see also* 212-1 at 62–73.)  It was then that the government moved for an order requiring additional handwriting exemplars from defendant Habash, which Magistrate Judge McAuliffe denied.  It is that order which is now the subject of this request for reconsideration.

The briefing submitted by both parties on the request for reconsideration failed to clearly state the parties' positions or the basis of those positions with respect to the critical issues of what the government specifically was seeking and what defendant specifically objected to.  From the court's point of view, the hearing on the request for reconsideration provided no clarification.

---

[1]  Three additional defendants were named in the indictment and were charged both with the conspiracy alleged in Count One as well as in Counts Two through Seven.  (Doc. No. 1.)  Defendant Habash was charged only in Count One.

1    Moreover, there has been considerable confusion throughout the proceedings as to whether
2    examiner Miller was unable to reach a conclusion because of alleged deficiencies in the exemplar
3    provided to him, deficiencies in the questioned documents themselves, or both.[2]  Finally, there
4    has even been confusion and disputes about the limitations Judge McAuliffe imposed on the
5    handwriting exemplar, whether any limitations imposed were complied with and the very nature
6    and length of the exemplar actually provided by the defendant.  Unfortunately, this lack of clarity
7    has left the court to sift through the record of the various proceedings and submissions on the
8    issue of defendant Habash's giving of a handwriting exemplar.
9         The court will not expend any more time addressing this issue than is necessary.  Based
10   upon a review of the documents submitted in connection with the motion for reconsideration, the
11   court concludes as follows:  (1) while the nature of the questioned documents (copies, not
12   originals) is an impediment to the rendering of an opinion, according to examiner Miller the
13   primary reason for his inability to reach a conclusion was the lack of an adequate and comparable
14   writing sample from defendant; (2) the deficiency in the exemplar found by examiner Miller was
15   not based upon any limitation imposed by Magistrate Judge McAuliffe with respect to the
16   exemplar but rather was due in large part to the fact that the exemplar sought and obtained by the
17   government (largely cursive and upper and lowercase hand printing) were not of the same type as
18   that appearing in the questioned documents (written with all upper case letter forms)[3]; (3)
19   examiner Miller contends that he requires multiple repetitions in the exemplar of the exact text of
20   the questioned documents so that a direct comparison may be made.
21   /////
22   /////

---

[2]  In the court's view this confusion is at least in part due to the unnecessarily dense and complex manner in which examiner Miller has stated his findings in writing.  (*See* Doc. Nos. 210 at 22–23; *see also* 212-1 at 62–73.)

[3]  The fault with respect to this deficiency in the exemplar lies with the government.  Almost without exception, the government obtained the handwriting exemplar they requested.  It appears the government simply failed to consult with its forensic document examiner before obtaining that exemplar and when they used the Form 6540, it did not provide the examiner what he required in order to render an opinion.

**Analysis**

Contrary to the government's contention, the magistrate judge's order denying the request for an order compelling defendant to sit for a second handwriting exemplar is to be upheld unless "clearly erroneous or contrary to law." Local Rule 303(f); *United States v. Hunt*, No. 2:11-CR-441 KJM, 2013 WL 5279075, at *1 (E.D. Cal. Sept. 18, 2013). As the magistrate judge recognized here, "[i]t is clear that compelling handwriting samples for identification purposes does not violate the Fifth Amendment privilege against self-incrimination." *In re Grand Jury Proceedings*, 579 F.2d 1135, 1136 (9th Cir. 1978) (citing *Gilbert v. California*, 388 U.S. 263 (1967)); *see also United States v. Mara*, 410 U.S. 19, 21 (1973) ("Handwriting, like speech, is repeatedly shown to the public, and there is no more expectation of privacy in the physical characteristics of a person's script than there is in the tone of his voice."); *Commonwealth of Northern Mariana Islands*, 236 F.3d 1083,1093 n.5 (9th Cir. 2001). The fact that the government is seeking the handwriting exemplars from defendant post-indictment is of no significance to this analysis. (*See* Doc. No. 212 at 8–9) (cases cited therein).

The final issue that the parties have discussed at length but never adequately brought focus to, is the question of whether defendant Habash can be required to repeatedly write specific phrases or sentences. Perhaps in part because of that lack of precision by the parties, Magistrate Judge McAuliffe expressed a concern that requiring a handwriting exemplar session at which the defendant was required to repeatedly write specific language that has meaning in the context of this prosecution would violate his Fifth Amendment right not to incriminate himself. (*See* Doc. No. 201-1 at 25, 26, 29.) Such a concern is not without some support. *See United States v. Green*, 282 F. Supp. 373, 375 (D. Ind. 1968) ("What is here sought is an exemplar displaying selected phrases allegedly germane to this case. To lend the compulsory processes of the Court to the procurement of such an exemplar without the voluntary cooperation of the accused would be an infringement upon the spirit of the constitutional prohibition against compelling the accused to be a witness against himself."). However, the weight of authority is to the contrary. *See In re Grand Jury Proceedings*, 579 F.2d at 1135 (concluding that having a defendant write what might be construed as testimonial statements or phrases as part of a handwriting exemplar does not

4

violate the Fifth Amendment privilege against self-incrimination if the intended use of the exemplar is only for purposes of identifying handwriting and "not as testimonial expressions of the truth of those phrases"); *United States v. Doe*, 405 F.2d 436, 437–38 (2d Cir. 1968) (affirming order requiring defendant "to reproduce the very instruments used in the commission of the crime" as part of a handwriting exemplar and rejecting opposition thereto on Fifth Amendment grounds) (citing *United States v. Wade*, 388 U.S. 218, 222–23 (1967)); *Lewis v. United States*, 382 F.2d 817, 819 (D.C. Cir. 1967) ("The act of writing designated words for comparison does not communicate anything about Appellant's knowledge; it creates tangible evidence, to be sure, but if neither the resultant evidence nor the act of creating it is communicative, we see no reason why it should make any difference that Appellant had to act."); *see also United States v. Batiste,* No. 06-20373-CR, 2007 WL 2316516, at *2 (S.D. Fla. Aug. 9, 2007) ("Constitutional protections are not automatically implicated simply because the text prepared for obtaining a handwriting exemplar includes words and phrases taken from the questioned document."); *United States v. Kallstrom,* 446 F.Supp.2d 772, 777 (E.D. Mich. 2006) (concluding that the dictation method of obtaining a handwriting exemplar violated the Fifth Amendment by essentially requiring the person to state how he spells certain words and instead ordering that the defendant "provide samples of his handwriting to the government's representative by means of copying from a prepared text"); *U.S. ex rel. Herring v. Fenton*, 531 F. Supp. 937, 943 (D. N.J. 1981) ("[E]xperts in questioned documents prefer to work with undeniable standards, usually prepared by the subject in his presence or in the presence of someone skilled in the securing of reliable exemplars in ways that tend to reduce the risk of altered handwriting. . . . Also, the subject is asked to write out a number of times, on separate slips of paper, selected words or phrases taken from the questioned document."). Accordingly, to the extent the magistrate judge may have limited the scope of the handwriting exemplar on Fifth Amendment grounds, the undersigned concludes that the order was contrary to law.

/////

/////

/////

1    Defendant argues that he provided the handwriting sample requested and that it is not his
2 fault that the government's forensic document examiner found the exemplar to be insufficient for
3 purposes of rendering an opinion. The undersigned agrees. However, that argument provides no
4 legal ground upon which to object to the providing of a second exemplar. Defendant also
5 expresses concern that the government is motivated merely by a desire to create a trial exhibit for
6 use in its prosecution of the case. That concern is premature. The government has represented
7 that its forensic document examiner requires an additional exemplar in order to render an opinion
8 as to whether the author of the exemplar and the author of the questioned documents is the same
9 person. The court is aware of its gatekeeping function with respect to expert testimony (*see*
10 *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Company,*
11 *Ltd. v. Carmichael*, 526 U.S. 137 (1999)), as well as of its responsibility to determine whether
12 relevant evidence should be excluded under Federal Rule of Evidence 403 because its probative
13 value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or
14 misleading the jury. In short, merely because the court will order that a second handwriting
15 exemplar be provided by defendant Habash does not mean that the exemplar itself will be
16 admitted into evidence at any trial, for that is an entirely different matter.

17    Finally, at the hearing on the motion the government seemed to suggest a much more
18 extensive exemplar session than that previously attended by defendant Habash. At some point,
19 however, requiring the defendant to write for hours on end is suggestive of mere harassment.
20 Defendant Habash has already provided a twelve page handwriting exemplar on the IRS Form
21 6540, as requested. While examiner Miller found that exemplar to be insufficient for his
22 purposes, he has not stated that it was entirely worthless, nor would it appear that he could
23 credibly do so. Accordingly, the government will be limited to a second handwriting session with
24 defendant Habash of no longer than two hours in length. Certainly no argument advanced by the
25 government in its motion for reconsideration nor anything in forensic document examiner
26 /////
27 /////
28 /////

Miller's declarative statement[4] would justify any longer second handwriting session by the defendant.[5]

### Conclusion

For the reasons set forth above, the government's motion for reconsideration (Doc. No. 181) is hereby granted.  Defendant Habash is ordered to provide a second handwriting exemplar at a session of no longer than two hours in length.  At that session defendant Habash may be required to write specific phrases in specific styles (such as in all upper case letters) and to repeat in writing the letters, words, phrases or sentences numerous times as directed.  Because the court concludes that the insufficiency of the first exemplar was caused in large part by the government's apparent failure to learn from its forensic examiner in advance what the exemplar should contain, this second handwriting session shall be held within thirty days of the date of this order at an agreed upon location convenient to defendant Habash and his counsel.

IT IS SO ORDERED.

Dated:  **March 15, 2017**  
_____  
UNITED STATES DISTRICT JUDGE

---

[4] As noted, the only substantive deficiencies noted by examiner Miller in his declarative statement were that: (1) the questioned writing consisted entirely of uppercase hand printing and numerals, while the majority of the exemplar was in cursive or lower case printing; (2) the exemplar did not include exact text samples; and (3) the exemplar did not include sufficient repetition.  (Doc. No. 212-1 at 64–65.)

[5] To be clear, the court will not entertain any attempt by the government to supplement the showing made to date in this regard.