McGREGOR W. SCOTT
United States Attorney
KAREN A. ESCOBAR
GRANT B. RABENN
ERIN M. SALES
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:15-CR-00286-DAD-BAM |
|---|---|
| Plaintiff, | |
| v. | PRELIMINARY ORDER OF FORFEITURE |
| HAITHAM EID HABASH, | |
| Defendant. | |

Based upon the plea agreement entered into between the United States of America and defendant Haitham Eid Habash, it is hereby

ORDERED, ADJUDGED and DECREED as follows:

1. Pursuant to 21 U.S.C. § 853(a), defendant Haitham Eid Habash's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

    a. The amount of $193,341.76 in lieu of the real property located at 4872 West 140th Street, Hawthorne, California, APN: 4147-021-020.

2. Within three business days of receipt of full payment of the $193,341.76 by defendant at least seven days prior to sentencing, an authorized agent of the United States will execute a notarized withdrawal of the lis pendens on the subject real property located at 4872 West 140th Street, Hawthorne, California, APN: 4147-021-020, and will thereafter promptly

record the executed document. The full payment of $193,341.76 having been made by defendant, in addition to the removal of the lis pendens, terminates all forfeiture and potential forfeiture proceedings against the subject real property located at 4872 West 140th Street, Hawthorne, California, APN: 4147-021-020.

3. The amount of $193,341.76 in lieu of the real property located at 4872 West 140th Street, Hawthorne, California, APN: 4147-021-020 shall be held by the U.S. Marshals Service pending further order of the Court.

4. The above-listed asset constitutes property derived from, any proceeds the defendant obtained, directly or indirectly, or was property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.

5. Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-listed property. The aforementioned property shall be seized and held by the U.S. Marshals Service in its secure custody and control.

6. a. Pursuant to 21 U.S.C. § 853(n) and Local Rule 171, the United States shall publish notice of the order of forfeiture. Notice of this Order and notice of the Attorney General's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least thirty (30) consecutive days on the official internet government forfeiture site www.forfeiture.gov. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

   b. This notice shall state that any person, other than the defendant, asserting a legal interest in the above-listed property, must file a petition with the Court within sixty (60) days from the first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within thirty (30) days from receipt of direct written notice, whichever is earlier.

7. If a petition is timely filed, upon adjudication of all third-party interests, if any,

this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(a), in which all interests will be addressed.

IT IS SO ORDERED.

Dated: **February 15, 2019**

_____
UNITED STATES DISTRICT JUDGE